CHARLES F. RENNEBAUM et al.

*v.*

KATHERINE NEBAL RENNEBAUM.

[Submitted February 14th, 1911. Decided February 16th, 1911.]

1. A deed is inoperative until it is delivered by the grantor.

2. A deed is inoperative until accepted by the grantee.

3. The delivery of a deed is a matter of intent.

4. The acceptance of a deed depends upon the grantee's intent.

5. The delivery of a deed may be inferred from the grantee's possession thereof, but such inference is rebuttable by evidence.

6. The acceptance of a deed may in some cases be inferred from the probability that the grantee accepted that which was favorable to him; but such inference is rebuttable.

7. Evidence *held* not to show an acceptance by the grantee of a deed executed by her husband.

8. Evidence *held* to show that neither the grantor nor grantee intended that a deed be presently operative as a conveyance.

———

On final hearing on bill to set aside a deed of conveyance.

*Mr. John Boyd Avis,* for the complainants.

*Messrs. Carrow & Kraft,* for the defendant.

LEAMING, V. C.

The single question here involved is whether the deed in controversy became operative as a conveyance in the lifetime of defendant's husband, or whether he died seized of the premises described in the deed.

A deed of conveyance is inoperative unless and until it is delivered by the grantor and accepted by the grantee. Both the delivery and acceptance are matters of intent, and the intent may be manifested in many ways; but both are essential requisites to the transmission of title. Both may be presumed; deliv-

ery may be inferred from the possession of the deed by the grantee; acceptance may in some cases be inferred merely because of the probability of acceptance by a grantee of that which is in his favor; but these presumptions, like other inconclusive presumptions, may be overcome by evidence. An acceptance cannot be inferred when the evidence clearly discloses that there was in fact no acceptance; and the same rule obtains touching delivery.

In the present case I am unable to reach the conclusion that the deed in question was ever delivered to defendant by her husband. A consideration of all the testimony and the circumstances surrounding the case impels me to the belief that the deed in question was originally executed by defendant's husband by reason of an anticipated action at law against him, for the purpose of enabling him to cover up his property in case the action should be brought; and that no action having been brought against him the deed was never used. The statement of defendant to the effect that some two weeks after her marriage the deed was tossed to her by her husband, does not convey to my mind the belief that the husband ever intended to render the deed presently operative as a conveyance to his wife.

But assuming that I may be mistaken in this, it seems impossible to escape the conclusion that defendant did not accept the deed. Should the utmost confidence be extended to the testimony of defendant to the effect that some two weeks after her marriage her husband tossed to her the deed in question and urged her to record it, it cannot be doubted that after her husband died, and before she found the deed, she said to Charles F. Rennebaum and John W. McClure and Melvin A. Sickler that she could have had a deed for the property at one time but would not accept it on account of the children of her husband, as she did not think it right for her to do so. Defendant's testimony was also to the effect that when the deed was handed to her by her husband and she was by him told to record it, she fully believed that the deed was void, unless recorded, and so believing she at once put the deed back among her husband's papers and determined not to record it, unless further urged by her husband to do so. If she determined not to record the deed,

believing that not to record it was to render it void, it cannot be said that she intended an acceptance of it. Her motive may have been that stated by her on the witness-stand to the effect that she considered it indelicate to record the deed unless further urged by her husband, or it may have been that stated by her to the three witnesses referred to, *i. e.,* that she would not accept it on account of the children, thinking it unfair to them. But if her testimony is to be accepted the conclusion is inevitable that for one or both of the reasons named she determined not to accept the deed. By returning the deed to her husband's papers and not recording it she purposed not to accept it and fully believed that by her conduct she had declined to accept it.

Under such circumstances an acceptance cannot be presumed, for there can be no acceptance of a deed against the will of the grantee.

I am fully convinced that the deed in question was never intended by either of the parties to it to be presently operative as a conveyance. That neither of the parties so regarded it seems entirely manifest. Defendant has testified that she did not so regard it. The deed was at no time removed from the grantor's control. No change in the operation or management of the property occurred. Defendant's husband continued to pay all charges and taxes as before, and at his decease defendant had wholly forgotten the transaction. It is also admitted that the insurance policies on the dwelling were not transferred, or new insurance taken in the name of defendant. To now treat the deed as a conveyance delivered and accepted and as having been operative to transfer the title to defendant from her husband, is to give to the instrument a force and effect which I am fully convinced neither of the parties to the instrument at any time intended.

I am obliged to advise a decree pursuant to the prayer of the bill.